MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, NY 10007
Telephone No.: (212) 637-2710
FAX No.: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,                    :

                              Plaintiff,     :        NOTICE OF MOTION

           -against-                          :        07 Civ. 10295 (SHS)

                                              :

STAR CAR SERVICE,                             :

                                              :

                              Defendants.     :
------------------------------------------------------------x

        PLEASE TAKE NOTICE that upon the annexed declaration of Assistant United

States Attorney Kathleen A. Zebrowski, and all prior pleadings and proceedings had herein,

plaintiff will move this Court before the Honorable Sidney H. Stein, United States District Judge,

United States Courthouse, 500 Pearl Street, New York, New York, 10007, on February 4, 2008,

on submission, for an order pursuant to pursuant to Rule 55(b)(2) of the Federal Rules of Civil

Procedure, for the entry of a default judgment against defendant Star Car Service and for such

other and further relief as may be just and proper.

Dated: New York, New York

January 29, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

By: _____
KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10004
Telephone: (212) 637-2710

To:   Olukayode Babalola, PC
      800 River Avenue, Suite 12
      Bronx, NY 10452
      (Process Address of Star Car Service)

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
FAX No.: (212)637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | <u>DEFAULT JUDGMENT</u> |
| - v. - | : | 07 Civ. 10295 (SHS) |
| STAR CAR SERVICE, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

       THIS ACTION having commenced by the filing of a complaint and the issuance

of a summons on November 13, 2007; a copy of the summons and complaint having been served

upon defendant by personally delivering a copy on the Secretary of State of the State of New

York on January 4, 2008; proof of such service having been filed with the Clerk of the Court on

January 15, 2008; defendant not having appeared, answered or made any motion with respect to

the complaint; the time for defendant to appear, answer or make any motion with respect to the

complaint having expired; the Clerk of this Court having duly entered the annexed certificate of

entry of default of defendant;

       NOW, on the motion of Michael J. Garcia, United States Attorney for the

Southern District of New York, attorney for plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff have judgment against

defendant in the sum of $4,000.00, together with costs in the sum of $615.00, amounting in all to

the sum of $4,615.00, with interest thereafter from the date judgment as provided by law, and

that plaintiff have execution therefor.

Dated: New York, New York
       January      2008


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,     :

               Plaintiff,    :     DECLARATION

         - v. -         :     07 Civ. 10295 (SHS)

STAR CAR SERVICE,         :

             Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       KATHLEEN A. ZEBROWSKI, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

       1.     I am an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York, attorney for plaintiff United States of America (the "United States"). I am in charge of the prosecution of this case, and I am familiar with the matters set forth herein. The information contained in this declaration was obtained from the records and files of the United States Attorney's Office.

       2.     I submit this declaration in support of the application of the United States, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for the entry of a default judgment by the Court.

       3.     On November 13, 2007, this action was commenced with the filing of the complaint and the issuance of a summons. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345. The United States seeks recovery from defendant pursuant to a forfeiture order assessed by the Federal Communications Commission in violation of Section 1.903(a) of the Commission's Rules, 47 C.F.R. § 1.903.

       4.     On January 4, 2008, a copy of the summons and complaint was personally served on the Secretary of State of the State of New York, as an agent authorized to receive service pursuant to section 306(b) of the New York Business Corporation Law. Proof of such service

was filed with the Clerk of the Court on January 15, 2008. A copy of the summons and complaint and a copy of the certificate of service are annexed hereto as Exhibit A.

5.    Defendant has not appeared, answered or made any motion with respect to the complaint, and the time for defendant to appear, answer or make any motion with respect to the complaint has expired. Defendant is therefore now in default.

6.    The amount shown on the Statement for Judgment annexed hereto is justly due and owing, no part thereof has been paid except as appears on the statement, and the disbursements sought to be taxed have been made in this action.

WHEREFORE, your declarant prays that this Court enter the attached Default Judgment against the defendant in accordance with the annexed Statement for Judgment.

Dated: New York, New York
       January 28, 2008

KATHLEEN A. ZEBROWSKI
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,                    :

             Plaintiff,              :

     - v.-                                    :    STATEMENT FOR JUDGMENT

STAR CAR SERVICE,                            :    07 Civ. 10295 (SHS)

           Defendant.          :

------------------------------------------------------x


Principal amount sued for ................................................. $4,000.00

Costs ................................................................... $615.00

       U.S. Attorney's Filing Fee .................... $350.00

       Service's Fee .............................. $365.00

Total Amount of Judgment .............................................. $4,615.00

EXHIBIT A

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

United States of America,
Plaintiff,

V.

Star Car Service,
Defendant.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**07 CV 10295**

**JUDGE STEIN**

TO: (Name and address of Defendant)

Star Car Service
1301 Boston Road
Bronx, New York 10456

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers St.
New York, New York 10007

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J MICHAEL McMAHON

CLERK _Marcos Quintero_

(By) DEPUTY CLERK

DATE  NOV 1 3 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers St.
New York, New York 10007
Telephone No.: (212) 637-2710
FAX No.: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,                    :

                     Plaintiff,          :

                            :

        -v.-                       :

STAR CAR SERVICE,                             :

                Defendant.       :
------------------------------------------------------x



**COMPLAINT**

**07  CV  10295**

Plaintiff United States of America ("the United States"), by its attorney, Michael

J. Garcia, United States Attorney for the Southern District of New York, for its complaint,

alleges upon information and belief as follows:

<u>NATURE OF ACTION</u>

      1.      This is an action to recover money due and owing the United States by the

defendant Star Car Service (the "defendant") pursuant to a Forfeiture Order issued by the

Federal Communications Commission (the "FCC" or the "Commission"), pursuant to 47 U.S.C.

§ 503 et seq., in In the Matter of Star Car Service, File No.: EB-03-NY-001.

<u>JURISDICTION AND VENUE</u>

      2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1345 and

1355, and 47 U.S.C. §§ 503 and 504(a).

3.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

THE PARTIES

4.     Plaintiff United States is a sovereign and body politic.  The FCC is a regulatory agency that regulates interstate and foreign commerce in communication by wire and radio and is charged with the duty of enforcing and executing the provisions of Chapter 5 Title 47 of the United States Code, as amended.

5.     Defendant is located at 1301 Boston Road, Bronx, New York, 10456, within the Southern District of New York.

FACTUAL ALLEGATIONS AND CLAIM FOR RELIEF

6.     On or about December 19, 2002, the FCC New York Office received a complaint from an FCC licensed user of interference affecting the frequency 451.500 MHZ.

7.     On or about January 7, 2003, a Commission agent, using a mobile direction finding vehicle, monitored the frequency 451.500 MHZ in the Bronx, New York, and positively traced the source of interference to the defendant, located at 1301 Boston Road, Bronx, New York 10456.

8.     On or about January 9, 2003, a Commission agent advised defendant that it was operating its base station and mobile units on an unauthorized frequency of 451.500 MHZ.

9.     On or about January 10, 2003, the FCC New York Office mailed defendant a Notice of Violation for operation on an unauthorized frequency of 451.500 MHZ

10.     On or about January 27, 2003, the FCC New York Office received defendant's reply to the Notice of Violation, which stated that defendant had changed its base and mobile licensed frequencies to 464.350 MHZ and 469.350 MHZ, respectively.

2

11.     On or about April 30, 2003, a Commission agent, using a mobile direction finding vehicle, monitored the frequency of 151.845 MHZ, and determined that the defendant was operating a base station and mobile units on a frequency of 151.845 MHZ.

12.     The Commission had not authorized the defendant to operate a base station and mobile units on 151.845 MHZ.

13.     On or about May 2, 2003, Commission agents again determined that the defendant was operating a base station and mobile units on 151.845 MHZ.

14.     On December 24, 2003, the FCC, by the District Director of the New York Office, Enforcement Bureau, issued a Notice of Apparent Liability For Forfeiture (the "Notice") against the defendant in the amount of $4,000.00 for willfully and repeatedly operating a base station and mobile units on a unauthorized frequency in violation of Section 1.903(a) of the Commission's Rules, 47 C.F.R. § 1.903. A true and correct copy of the Notice and the certified mail return receipts are attached hereto as Exhibit A and made a part hereof

15.     The Notice further provided that the defendant pay the full amount of the proposed forfeiture or file a written statement seeking a reduction or cancellation of the proposed forfeiture by January 23, 2004.

16.     The Defendant did not pay the amount demanded pursuant to the Notice or file a response with the FCC.

17.     On April 1, 2004, the FCC, by the Chief of the Enforcement Bureau, issued a Forfeiture Order which provided for a monetary forfeiture in the amount of $4,000.00 for willful and repeated violations of Section 1.903(a) of the Commissions's Rules (the "Forfeiture Order"). A true and correct copy of the Forfeiture Order and the certified mail return receipt are attached hereto as Exhibit B and made a part hereof.

3

18.    The Forfeiture Order informed the defendant that full payment was due by May 1, 2004, but that it could request that payment be made under an installment plan by writing to the Chief, Revenue and Receivable Operations Group.

19.    The defendant did not pay the amount demanded pursuant to the Forfeiture Order and by letter dated July 26, 2004, the FCC demanded payment in full within thirty days.  A true and correct copy of the letter is attached hereto as Exhibit C and made a part hereof.

20.    Despite due demand, the defendant has failed to make any payment toward the Forfeiture Order.

WHEREFORE, plaintiff United States demands judgment against the defendant in the amount of $4,000.00, with interest accruing thereafter as provided by law and for such further relief as the Court may deem proper.

Dated: New York, New York
       November 13, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

By: _____
KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers St.
New York, New York 10007
Telephone No.: (212) 637-2710
FAX No.: (212) 637-2717

4

**EXHIBIT A**

Federal Communications Commission

Before the
Federal Communications Commission
Washington, D.C. 20554

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | File No. EB-03-NY-001 |
| Star Car Service | ) | |
| WPVU671 | ) | NAL/Acct. No. 200432380002 |
| Bronx, NY | ) | |
| | ) | FRN: 0006 8587 16 |

NOTICE OF APPARENT LIABILITY FOR FORFEITURE

Released:  December 24, 2003

By the District Director, New York Office, Enforcement Bureau:

## I. INTRODUCTION

1.        In this Notice of Apparent Liability for Forfeiture ("NAL"), we find that Star Car Service ("Star"), apparently violated Section 1.903(a) of the Commission's Rules (the "Rules"),[1] by operating a base station transmitter and mobile units on unauthorized frequencies of 451.500 MHz and 151.845 MHz.  We conclude that Star is apparently liable for a forfeiture in the amount of four thousand dollars ($4,000).

## II. BACKGROUND

2.        On December 19, 2002, the FCC New York Office received a complaint of interference affecting the frequency 451.500 MHz, from an FCC licensed user.

3.        On January 7, 2003, a Commission agent, using a mobile direction finding vehicle, monitored the frequency 451.500 MHz in Bronx, NY, and positively located the source of interference to Star, located at 1301 Boston Road, Bronx, NY 10456.  The agent advised the dispatcher on duty that Star was operating their base station and mobile units on an unauthorized frequency of 451.500 MHz.  There was no evidence of a Commission authorization for Star to operate a base station and mobile units on 451.500 MHz in Bronx, NY.

4.        On January 9, 2003, a Commission agent advised Star's manager, Keba Nguer that Star was operating their base station and mobile units on an unauthorized frequency of 451.500 MHz.

5.        On January 10, 2003, the New York Office sent a Notice of Violation, by First Class and Certified Mail Return Receipt Requested, to Star for operation on an unauthorized frequency of 451.500 MHz.

---

[1] 47 C.F.R. § 1.903(a).

Federal Communications Commission

6.    On January 27, 2003, the New York Office received Star's reply to the Notice of Violation stating that on January 18, 2003, their base and mobile frequency, currently on 451.500 MHz, was changed to 464.350 MHz and 469.350 MHz, the respective base and mobile licensed frequencies.

7.    On April 30, 2003, a Commission agent, using a mobile direction finding vehicle, monitored the frequency 151.845 MHz in connection with an investigation concerning use of unauthorized frequencies in the Private Land Mobile Radio Service. The agent positively determined that Star, located at 1301 Boston Road, Bronx, NY 10456, operated a base station and mobile units on a frequency of 151.845 MHz. There was no evidence of a Commission authorization for Star to operate a base station and mobile units on 151.845 MHz in Bronx, NY.

8.    On May 2, 2003, Commission agents, using a mobile direction finding vehicle, monitored the frequency 151.845 MHz, and again determined that Star, located at 1301 Boston Road, Bronx, NY 10456, operated a base station and mobile units on a frequency of 151.845 MHz. The agents conducted a station inspection with one of the owners, Abdoulaye Camare, and advised him that Star's base station and mobile units were operating on an unauthorized frequency of 151.845 MHz.

## III. DISCUSSION

9.    Section 1.903(a) of the Rules requires that "Stations in the Wireless Radio Services must be used and operated only in accordance with the rules applicable to their particular service as set forth in this title and with a valid authorization granted by the Commission under the provisions of this part." In this connection, licensees shall exercise such direction and control as to assure that the transmitter is being operated in a permissible manner. A review of Commission's records showed that Star Car Service was granted authority under its license, WPVU671, to operate one base station on a frequency of 464.350 MHz, one control station and 50 mobile units on a frequency of 469.350 MHz. Agents observed the base station and mobile units operating on 451.500 MHz, and later on 151.845 MHz.

10.    Based on the evidence before us, we find that Star operated a base station and mobile units on an unauthorized frequency of 451.500 MHz on January 7, 2003, and 151.845 MHz on, April 30, 2003 and May 2, 2003, in willful[2] and repeated[3] violation of Section 1.903(a) of the Rules.

11.    *The Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 FCC Rcd 17087, 17113 (1997), *recon. denied*, 15 FCC Rcd 303(1999) ("*Forfeiture Policy Statement*"),[4] sets the base forfeiture amount for using an unauthorized frequency at $4,000. In assessing the monetary forfeiture amount, we must take into account the statutory

---

[2] Section 312(f)(1) of the Act, 47 U.S.C. § 312(f)(1), which applies to Section 503(b) of the Act, provides that "[t]he term 'willful', when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this Act ...." *See Southern California Broadcasting Co.*, 6 FCC Rcd 4387 (1991).

[3] Section 312(f)(2), which also applies to Section 503(b), provides: [t]he term "repeated", when used with reference to the commission or omission of any act, means the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day.

[4] 47 C.F.R. § 1.80.

2

factors set forth in Section 503(b)(2)(D) of the Communications Act of 1934, as amended,[5] ("Act") which include the nature, circumstances, extent, and gravity of the violation, and with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and other such matters as justice may require. Applying the *Forfeiture Policy Statement* and the statutory factors to the instant case and applying the inflation adjustments, we believe that a four thousand dollar ($4,000) monetary forfeiture is warranted.

## IV. ORDERING CLAUSES

12. Accordingly, IT IS ORDERED THAT, pursuant to Section 503(b) of the Act[6] and Sections 0.111, 0.311 and 1.80 of the Rules,[7] Star is hereby NOTIFIED of their APPARENT LIABILITY FOR A FORFEITURE in the amount of four thousand dollars ($4,000) for willfully and repeatedly violating Section 1.903(a) of the Rules.

13. IT IS FURTHER ORDERED THAT, pursuant to Section 1.80 of the Commission's Rules, within thirty days of the release date of this NOTICE OF APPARENT LIABILITY, Star SHALL PAY the full amount of the proposed forfeiture or SHALL FILE a written statement seeking reduction or cancellation of the proposed forfeiture.

14. Payment of the forfeiture may be made by mailing a check or similar instrument, payable to the order of the Federal Communications Commission, to the Forfeiture Collection Section, Finance Branch, Federal Communications Commission, P.O. Box 73482, Chicago, Illinois 60673-7482. The payment should note the NAL/Acct. No. 200432380002 and FRN: 0006 8587 16.

15. Any response to this NAL must be mailed to Federal Communications Commission, Enforcement Bureau, Spectrum Enforcement Division, 445 12th Street, S.W., Washington, D.C. 20554 and MUST INCLUDE THE NAL/Acct. No. 200432380002.

16. The Commission will not consider reducing or canceling a forfeiture in response to a claim of inability to pay unless the petitioner submits: (1) federal tax returns for the most recent three-year period; (2) financial statements prepared according to generally accepted accounting practices ("GAAP"); or (3) some other reliable and objective documentation that accurately reflects the petitioner's current financial status. Any claim of inability to pay must specifically identify the basis for the claim by reference to the financial documentation submitted.

---

[5] 47 U.S.C. § 503(b)(2)(D).

[6] 47 U.S.C. § 503(b).

[7] 47 C.F.R. §§ 0.111, and 0.311.

3

17.    Requests for payment of the full amount of this Notice of Apparent Liability under an installment plan should be sent to: Chief, Revenue and Receivable Operations Group, 445 12th Street, S.W., Washington, D.C. 20554.[1]

18.    Under the Small Business Paperwork Relief Act of 2002, Pub L. No. 107-198, 116 Stat. 729 (June 28, 2002), the FCC is engaged in a two-year tracking process regarding the size of entities involved in forfeitures. If you qualify as a small entity and if you wish to be treated as a small entity for tracking purposes, please so certify to us within thirty (30) days of this NAL, either in your response to the NAL or in a separate filing to be sent to the Spectrum Enforcement Division.  Your certification should indicate whether you, including your parent entity and its subsidiaries, meet one of the definitions set forth in the list provided by the FCC's Office of Communications Business Opportunities (OCBO) set forth in Attachment A of this Notice of Apparent Liability.  This information will be used for tracking purposes only.  Your response or failure to respond to this question will have no effect on your rights and responsibilities pursuant to Section 503(b) of the Communications Act.  If you have questions regarding any of the information contained in Attachment A, please contact OCBO at (202) 418-0990.

19.    IT IS FURTHER ORDERED THAT a copy of this NOTICE OF APPARENT LIABILITY shall be sent by Certified Mail Return Receipt Requested to Star Car Service, 1301 Boston Road, Bronx, NY 10456.

FEDERAL COMMUNICATIONS COMMISSION

Daniel W. Noel
District Director
New York Office

Attachment A – Condensed List of Small Entities, October 2002

---

[1] See 47 C.F.R. § 1.1914.

4



FEDERAL COMMUNICATIONS COMMISSION

REC'D

DEC 1 2003

NEW YORK, N.Y.

UNITED STATES POSTAL SERVICE

03/HAL

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

FEDERAL COMMUNICATIONS COMMISSION
201 VARICK STREET / ROOM 1151
NEW YORK, NY 10014-4870

7002 3150 0006 2694 8290

CAR SERVICE
1301 WINSTON ROAD
BRONX, NY 10456

RETURN RECEIPT
REQUESTED

FEDERAL COMMUNICATIONS COMMISSION
R E C'D
DEC 17 2003
NEW YORK, N.Y.

**EXHIBIT B**

Before the
Federal Communications Commission
Washington, D.C. 20554

| | | |
|---|---|---|
| In the Matter of | ) | File No. EB-03-NY-001 |
| | ) | |
| Star Car Service | ) | NAL/Acct. No. 200432380002 |
| | ) | |
| Bronx, New York | ) | FRN 0006-8587-16 |

**FORFEITURE ORDER**

Adopted: March 30, 2004                                          Released: April 1, 2004

By the Chief, Enforcement Bureau:

1.       In this *Forfeiture Order* ("*Order*"), we issue a monetary forfeiture in the amount of four thousand dollars ($4,000) to Star Car Service ("Star") for willful and repeated violation of Section 1.903(a) of the Commission's Rules ("the Rules").[1]  The noted violation involves Star's operation of a base station transmitter and mobile units on unauthorized frequencies of 451.500 MHz and 151.845 MHz.

2.       On December 24, 2003, the District Director of the Commission's New York, New York Field Office ("New York Office") issued a *Notice of Apparent Liability for Forfeiture* ("*NAL*")[2] in the amount of $4,000 to Star. Star has not filed a response to the *NAL*. Based on the information before us, we affirm the forfeiture.

3.       ACCORDINGLY, IT IS ORDERED THAT, pursuant to Section 503(b) of the Communications Act of 1934, as amended ("the Act"),[3] and Sections 0.111, 0.311 and 1.80(f)(4) of the Rules,[4] Star Car Service IS LIABLE FOR A MONETARY FORFEITURE in the amount of $4,000 for willfully and repeatedly violating Section 1.903(a) of the Rules.

4.       Payment of the forfeiture shall be made in the manner provided for in Section 1.80 of the Rules[5] within 30 days of the release of this *Order*. If the forfeiture is not paid within the period specified, the case may be referred to the Department of Justice for collection pursuant to Section 504(a) of the Act.[6]  Payment shall be made by mailing a check or similar instrument, payable to the order of the "Federal Communications Commission," to the Federal Communications Commission, P.O. Box 73482, Chicago, Illinois 60673-7482. The payment should note NAL/Acct. No. 200432380002, and FRN 0006-

---

[1] 47 C.F.R. § 1.903(a).

[2] *Notice of Apparent Liability for Forfeiture*, NAL/Acct. No. 200432380002 (Enf. Bur., New York Office, released December 24, 2003).

[3] 47 U.S.C. § 503(b).

[4] 47 C.F.R. §§ 0.111, 0.311, 1.80(f)(4).

[5] 47 C.F.R. § 1.80.

[6] 47 U.S.C. § 504(a).

8587-16.  Requests for full payment under an installment plan should be sent to: Chief, Revenue and Receivables Operations Group, 445 12th Street, S.W., Washington, D.C. 20554.[7]

    5.  IT IS FURTHER ORDERED THAT this *Order* shall be sent by regular mail and by certified mail, return receipt requested, to Star Car Service, 1301 Boston Road, Bronx, New York 10456.

FEDERAL COMMUNICATIONS COMMISSION

David H. Solomon
Chief, Enforcement Bureau

---

[7] *See* 47 C.F.R. § 1.1914.

2

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

5 Star Car Service
1301 Boston Road
Bronx, New York
10456

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7002 0510 0003 6374

EB-03-ny-001
R. Suarez 7A 885

6366

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

**EXHIBIT C**

**FEDERAL COMMUNICATIONS COMMISSION**
**OFFICE OF GENERAL COUNSEL**

July 26, 2004

Star Car Service
1301 Boston Road
Bronx, New York 10456

NAL No. 200432380002

Dear Sir or Madam:

On December 24, 2003, the Enforcement Bureau, Federal Communications Commission, issued a Notice of Apparent Liability For Forfeiture against Star Car Service in the amount of $4,000.00 for violating Section 1.903(a) of the Commission's Rules, 47 C.F.R. § 1.903(a). On April 1, 2004, the Enforcement Bureau issued a Forfeiture Order affirming the forfeiture amount. This is to inform you that if the forfeiture is not paid within 30 days of the date of this letter, the matter will be referred to the Department of Justice for enforcement.

Payment may be made by check payable to the Federal Communications Commission. Please write on the check the NAL number noted above and mail your check along with a copy of this letter to:

Federal Communications Commission
P.O. Box 73482
Chicago IL 60673-7482

Thank you.

Sincerely,

Susan L. Launer
Deputy Associate General Counsel

UNITED STATES DISTRICT COURT

COUNTY OF

INDEX NO: 07CV10295
FILED ON:
DISTRICT: Southern/NY

*United States of America*

Plaintiff(s)

vs

*Star Car Service*

Defendant(s)

STATE OF NEW YORK, COUNTY OF ALBANY, SS.:

## AFFIDAVIT OF SERVICE
## BY THE SECRETARY OF STATE

_____ Stephen L. Collen _____, being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ January 4, 2008 _____, at _2:00 pm_, at the office

of the Secretary of State of the State of New York in the City of Albany, New York, deponent served the annexed

_____ Summons in a Civil Action and Complaint _____

_____, on

_____ Star Car Service, Inc. h/s/a Star Car Service _____

Defendant in this action, by delivering to and leaving with _____ Donna Christie _____, Authorized Agent, in the Office of

the Secretary of State of the State of New York, personally at the Office of the Secretary of State of the State of New

York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State

the statutory fee, if required. Service was made pursuant to Section _306 Business Corporation Law_.

☐ Service was completed by mailing notice of such service and one (1) true copy thereof by   ☐ Registered or

☐ 1st Class Mail and Certified Mail, # _____, Return Receipt Requested on _____

to said defendant at: _____,

Papers so served were properly endorsed with the index number and date of filing.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the

Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served:   Approx. Age: _44 years_   Approx. weight: _130 lbs_   Approx. Ht.: _5'5"_

Sex: _female_   Color of skin: _white_   Color of hair: _brown_   Other: _____

Sworn to before me on___ January 8, 2008 ____

MARCY A. O'HARE
NOTARY PUBLIC, State of New York
No. 4865530, Qualified in Albany County
Term Expires July 14, 2010

Stephen L. Collen

Invoice•Work Order # 0710550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    :

                      Plaintiff,        :     <u>CLERK'S CERTIFICATION</u>

        - v. -                               :     07 Civ. 10295 (SHS)

STAR CAR SERVICE,                             :

                    Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        I, J. Michael McMahon, Clerk of the United States District for the Southern District

of New York, do hereby certify that the docket entries in the above-captioned case show that the

complaint was filed on November 13, 2007; that the defendant was served with the summons and

complaint on January 4, 2008 by delivering a copy to the Secretary of State for the State of New

York; and that the summons and the certificate of service were filed in the Clerk's Office on

January 15, 2008.  I further certify that the docket entries show that defendant Star Car Service.

has not filed an answer or otherwise moved with respect to the complaint and that the time for it

to do so has expired.  The default of defendant Star Car Service is hereby noted.

Dated: New York, New York
       January 2 7 , 2008

                                  _J. Michael McMahon_
                                      CLERK



UNITED STATES DEPARTMENT OF JUSTICE

# UNITED STATES ATTORNEY'S OFFICE

SOUTHERN DISTRICT OF NEW YORK

CIVIL DIVISION

### CERTIFICATE OF SERVICE

MANUEL BERMUDEZ, of the United States Attorney's Office  in

the Southern District of New York, hereby certify that on the

29 JANUARY 2008, I caused a copy of the following:

GOVT'S NOTICE OF MOTION; DEFAULT JUDGMENT -

to be served by regular mail to the following address:

OLUKAYODE BABALOLA, PC
800 RIVER AVE SUITE 12
BRONX, N.Y. 10452

I certify under perjury that the foregoing is true and correct.


Dated: NEW YORK, N.Y.

    29  JAN  2008